**STATE of Missouri, Plaintiff/Respondent,**

v.

**Darney TOWERS, Defendant/Appellant.**

**Darney TOWERS, Movant/Appellant.**

v.

**STATE of Missouri,**
**Respondent/Respondent.**

**Nos. 69173, 71644.**

Missouri Court of Appeals,
Eastern District,
Division Two.

Nov. 25, 1997.

Emmett D. Queener, Asst. Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Lisa A. Fischer, Asst. Atty. Gen., Jefferson City, for respondent.

Before CRANE, P.J., and RHODES RUSSELL and JAMES R. DOWD, JJ.

### ORDER

PER CURIAM.

Defendant Darney Towers appeals the judgment entered on a jury verdict finding him guilty of one count of second degree murder, in violation of Section 565.021.1(2) RSMo (1994), one count of robbery in the first degree in violation of Section 569.020 RSMo (1994), one count of receiving stolen property in violation of Section 570.080 RSMo (1994), one count of resisting arrest in violation of Section 575.150 RSMo (1994), one count of assault of a law enforcement officer in the second degree in violation of Section 565.082 RSMo (1994), and two counts of armed criminal action, in violation of Section 571.015 RSMo (1994). The trial court found Towers to be a prior offender and sentenced him to life imprisonment on Count I, second degree murder; five years imprisonment on Count II, armed criminal action; thirty years imprisonment on Count III, robbery in the first degree; and five years imprisonment on Count IV, armed criminal action, all of these sentences to run consecutively with one another. The court also sentenced him to five years imprisonment on Counts V and VII, receiving stolen property and assault on a law enforcement officer in the second degree and a one year term on Count VI, resisting arrest, each of these sentences to run concurrently with the previous sentences. Towers also appeals from the judgment denying on the merits, without an evidentiary hearing, his Rule 29.15 motion.

The motion court's judgment is based on findings of fact that are not clearly erroneous. No error of law appears and no jurisprudential purpose would be served by a written opinion. However, the parties have been furnished with a memorandum opinion for their information only, setting forth the facts and reasons for this order.

The judgments are affirmed in accordance with Rules 30.25(b) and 84.16(b).